IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.**

JOSHUA SCOTT,

       Plaintiffs,

vs.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

       Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Joshua Scott, by and through undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits this Complaint against the above-named Defendant.

## PARTIES

1. Plaintiff, Joshua Scott, is a natural person and citizen of the State of Colorado, with a current address of 1942 South Swadley Street, Lakewood, Colorado 80228.

2. Defendant, Hartford Life and Accident Insurance Company ("Hartford"), is a corporation and/or similar business entity which regularly conducts business in the State of Colorado, including but not limited to the advertisement, sale, processing and adjustment of long-term disability insurance claims. The Defendant's registered agent for service of process is the Colorado Division of Insurance, 1560 Broadway, Suite 110, Denver, Colorado 80202.

## JURISDICTION AND VENUE

3. At all pertinent times, Defendant Aetna insured and/or was otherwise responsible for the administration of the employee benefit plan which provides long-term disability insurance benefits to employees of Republic National Distributing Company, LLC ("Republic"), hereinafter "the Plan." The Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.* ("ERISA"). Upon information and belief, the Plan has delegated to Defendant Anthem its obligation to make all benefit decisions at issue in this claim, including regarding eligibility for long-term insurance benefits. Upon further information and belief, Defendant Hartford also insures the Plan.

4. At all pertinent times, Plaintiff was an active and full-time employee of Republic and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

5. Thus, and at all pertinent times, and by virtue of said employment and status, Plaintiff was covered by the provisions of the Plan, including eligibility for long-term disability insurance benefits subject to the terms and conditions of the Plan.

## JURISDICTION AND VENUE

6. This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including their rights under ERISA and the subject ERISA Plan/policy.

7. Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein Plaintiff resides, and wherein Defendant regularly conduct business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## STATEMENT OF THE FACTS

8. At all pertinent times, Plaintiff was employed by Republic as a delivery driver, and was an active, full-time employee. He therefore satisfied all eligibility requirements for, and was a "participant" in the Plan (and/or "beneficiary" of the Plan) within the meaning of ERISA, as set forth above.

9. Beginning in or around April, 2021, Plaintiff was disabled from his position at Republic due to multiple health issues, requiring ongoing treatment and care from various physicians and/or other healthcare providers, including but not limited to severe back pain resulting from herniated discs.

10. These medical conditions prohibit Plaintiff from continuing to perform the requirements of his job on a regular and consistent basis, as well as from any other job for which he is reasonably qualified.

11. As the aforementioned conditions prevented him from working on a full-time and regular basis, and from performing the other material requirements of his own and/or other comparable occupation, Plaintiff applied to the Plan for short-term disability benefits, which was denied due to Plaintiff's condition being related to a workers' compensation injury.

12. Plaintiff next applied to Defendant for LTD benefits, which Defendant again denied, based on an alleged lack of medical support on April 14, 2022.

13. Thereafter, Plaintiff timely submitted his appeal as required by the Plan document and requested a review of his claim. Plaintiff provided additional medical documentation and other information in support of his claim. Plaintiff filed his appeal on or before the Plan's 180-day deadline.

14. Defendant denied Plaintiff's appeal for LTD benefits on August 29, 2022, again based on the alleged lack of medical documentation.

15. According to Defendant, there are no additional appeals remitted by the Plan.

16. Defendant's determination was otherwise erroneous, and/or arbitrary and capricious in that Defendant failed to consider all pertinent medical and/or other evidence indicating that Plaintiff's medical condition prevents him from engaging in his own or any other occupation.  This includes, without limitation, his inability to work forty (40) hours per week.

17. Defendant has unreasonably refused to pay LTD benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff as outlined herein.

18. Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

**CLAIM FOR RELIEF:**
**VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS**
**PLAINTIFF V. DEFENDANT**

19. At all pertinent times, Plaintiff was covered by the Plan, which included coverage for LTD, as set forth above.

20. At all pertinent times, Defendant was the sponsor, administrator, and/or claim administrator for the Plan, within the meaning of ERISA.

21. At all pertinent times, Plaintiff met the criteria for LTD under the Plan because he was unable to perform the functions of his own and/or any other reasonable occupation and provided reasonable documentation (medical or otherwise) of that fact.

22. Upon information and belief, Defendant Republic also funds the Plan.

23. Defendant's dual capacity creates an inherent conflict of interest as a matter of fact and law.

24. Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

25. Defendant's wrongful conduct includes, but is not limited to:

   A. Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians and/or medical providers;

   B. Failing to provide an adequate review and appeal;

   C. Failing to act in Plaintiff's best interests;

      D.     Failing to consider credible medical evidence and/or other evidence of functional impairment;

      E.     Failing to reasonably interpret and apply the terms of the Plan;

      F.     Failing to consider its own finding in a related claim that Plaintiff is disabled for the purposes of LTD; and

      G.     Failing to conduct a reasonable investigation.

26. Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost disability and/or other benefits, attorney's fees and costs.

## DAMAGES

27. The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to loss of LTD and/or other benefits under the Plan.  Plaintiff has also incurred attorney's fees and costs as a result of Defendant's conduct.

WHEREFORE, Plaintiff requests judgment and damages against Defendant and/or the Plan as follows:

      A.     A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;

      B.     An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant

      to make Plaintiff whole and/or return them to the position Plaintiff would have obtained in the absence of Defendant's wrongful conduct;

C.     Retroactive reinstatement of Plaintiff's LTD benefits and payment of all back due benefits pursuant to ERISA §502(a)(1)(b), as well as an order, requiring Defendant to process Plaintiff's claims for future LTD, and/or reinstating all other benefits provided by the Plan;

D.     Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

E.     Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. 1132(g)(1); and

F.     Such other and further relief as this Court deems just and appropriate.

Respectfully submitted this 13th day of October, 2022.

                              SILVERN & BULGER, P.C.

                              *s/Thomas A. Bulger, Esq.*
                              Thomas A. Bulger, Esq.
                              Counsel for Plaintiff
                              363 South Harlan Street, Suite 205
                              Lakewood, Colorado 80226
                              (303) 292-0044
                              Facsimile: (303) 292-1466
                              *counsel@silvernbulger.com*

**Plaintiffs' address**:
1942 South Swadley Street
Lakewood, Colorado 80228